# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.               **Case No. 08-CR-335**

**JOHN BREILING**
   **Defendant.**

## **ORDER**

On October 21, 2010, I placed defendant John Breiling on probation for four years on his guilty plea to conveying a thing of value of the United States, contrary to 18 U.S.C. § 641. I further ordered him to pay a fine of $1000.00 and make restitution in the amount of $8687.88. On April 24, 2012, defendant filed a letter requesting early release from probation. The government responded in opposition, and I permitted defendant to reply.

**I.**

Under 18 U.S.C. § 3564(c),

> The court, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

Courts applying this statute have held that the conduct of the defendant sufficient to warrant relief should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, termination has generally been granted only in cases involving a new or unforeseen circumstance, such

as where the defendant's conditions unreasonably interfere with his rehabilitation or where his behavior has been exceptionally good. See, e.g., United States v. Echoles, No. 09-CR-140, 2010 WL 2985649, at *2 (E.D. Wis. July 26, 2010); United States v. Caruso, 241 F. Supp. 2d 466, 468-69 (D.N.J. 2003); see also United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. Medina, 17 F. Supp. 2d 245, 246-47 (S.D.N.Y. 1998).

**II.**

Defendant indicates that he has done all that has been asked and required of him by the probation office, made regular payments towards his financial obligations, and avoided problems or police contact during his time on probation. However, the court expects those on probation to follow the rules. Defendant further states that the condition limiting his travel to the Eastern District of Wisconsin interferes with his employment as an independent contractor with opportunities for out-of-state work. However, defendant admits in his reply letter that the probation office has done a good job trying to accommodate him and his customers. There is no evidence that being on probation impedes defendant's ability to earn money and pay restitution. The requirement that he provide probation with information regarding his out-of-state travel is not an onerous one. Therefore, I cannot conclude that defendant's conduct warrants early termination; nor does the record establish any new or unforeseen circumstance supporting that action.

Finally, the § 3553(a) factors support continued supervision. While defendant has made regular payments, he still owes a significant amount of restitution (as well as the fine). See 18 U.S.C. § 3553(a)(7). Continued supervision is also warranted to ensure that defendant avoids any further involvement with the seminar series which led to his commission of the instant offense. See 18 U.S.C. § 3553(a)(2)(B) & (C).

2

**III.**

**THEREFORE, IT IS ORDERED** that defendant's request (R. 60) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge